UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TIBOR GASPARIK,

                           Plaintiff,                   **REPORT AND**
                                                              **RECOMMENDATION**
           -against-                           **CV 05-3817 (SJF)(ARL)**

STONY BROOK UNIVERSITY,

                           Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court, on referral from District Judge Sandra J. Feuerstein, is the defendant's motion for summary judgment pursuant to Federal Rules of Civil Procedure 56. For the reasons set forth herein, the undersigned recommends that the motion be granted.

## BACKGROUND

Pro se plaintiff Tibor Gasparik ("Gasparik"), a self-described registered Republican with conservative views, filed the complaint in this action against the defendant, Stony Brook University ("SUNY"), alleging pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 that it violated his federal constitutional rights to free speech and to free association. Compl. at ¶¶ 1, 27-28. The undisputed facts are set forth below in the light most favorable to the nonmoving party. Blackman v. New York City Transit Authority, No. CV 06-4714, 2007 WL 1774638, at * 3 (2d Cir. June 21, 2007).

## FACTS

Gasparik began his employment with SUNY in April 1985. Compl. at ¶ 6, Def.'s 56.1 Statement at ¶ 1. Plaintiff was employed by SUNY as a Research Assistant Professor in the Department of Earth and Space Sciences under a series of temporary grants received by SUNY from the National Science Foundation. (See letters regarding the plaintiff's temporary

employment with SUNY annexed as Ex. C. to the Pack Declaration). Upon expiration of the last grant, the research project on which the plaintiff had been working was terminated and his employment with SUNY ended. Toward the end of his employment, Gasparik chose not to apply for positions which might have allowed him to continue his employment as a professor with SUNY because he "wasn't personally encouraged to apply." (Gasparik Dep. at 74). According to the plaintiff, while he was employed at SUNY, he was subjected to a series of hostile actions because of his political affiliation and ideology and was forced to look elsewhere for employment. Compl. at ¶ 8.

Following the termination of his employment, the plaintiff took steps to establish a career in secondary school education and to this end undertook a course of study at SUNY. Id. at ¶ 13. According to the plaintiff, he was promised a position at Ralph G. Reed Middle School in Central Islip following completion of all requirements and satisfactory performance as a student teacher between March and May 2005. Id. at ¶ 14. Plaintiff alleges that despite SUNY's promise to expedite the certification process following his completion of all requirements, SUNY instead purposefully delayed the process resulting in the loss of this employment opportunity. Id. at ¶¶ 14-15. Plaintiff further alleges that in June 2005 he posted a website that summarized his dealings and alleged persecution by SUNY. In response, SUNY removed plaintiff's name from the list of faculty members posted on the departmental website and ordered that he vacate his office in the Department. Id. at ¶ 17.

Based on these factual allegations, the plaintiff claims that SUNY has discriminated against him in hiring, retention and promotion, and subjected him to a hostile work environment based on his political affiliation and ideology. Id. at ¶¶ 29, 31-32. Plaintiff further alleges that SUNY violated his right to free speech by removing his name from the list of faculty members

2

and ordering him to vacate his office.

**DISCUSSION**

**I.    Legal Standards**

The court must liberally interpret the complaint of a pro se plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595 (1972); Williams v. Smith, 781 F.2d 319, 322 (2d Cir. 1986). Taking into consideration the plaintiff's lack of legal training, the court "holds the complaint to 'less stringent standards than formal pleadings drafted by lawyers.'" Roberts v. Internal Revenue Service, No. 06 Civ. 1518 (VM), 2006 WL 3873161, at *3 (S.D.N.Y. Dec. 28, 2006), quoting Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citations omitted).

**A.    Subject Matter Jurisdiction**

To begin with, the court addresses the defendant's challenge to this court's subject matter jurisdiction. SUNY's threshold contention is that the court lacks subject matter jurisdiction under the doctrine of Eleventh Amendment immunity. The Eleventh Amendment to the Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In essence, the Amendment prevents non-consenting states from being sued by private individuals in federal court. See Bd. of Tr. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). It is well-established that this immunity extends to alter egos of the State such as SUNY. See Dube v. State University of New York, 900 F.2d 587, 594 (2d Cir. 1990); see also Garcia v. SUNY Health

3

Svcs. Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001); Towers v. SUNY Stony Brook, No. CV 04-5243(FB), 2007 WL 1470152, at *4 (E.D.N.Y. May 21, 2007); Banks v. SUNY at Buffalo, No. CV 06-2392, 2007 WL 895505, at *7 (W.D.N.Y. March 22, 2007) ("The Second Circuit has held that for Eleventh Amendment purposes, the State University of New York ("SUNY") is an integral part of the state government that when it is sued, the State of New York is the real party.").

The Supreme Court has long held that absent the state's express waiver or consent or Congressional abrogation, the Eleventh Amendment bars suits brought against the state by its own citizens. See Fonseca v. Columbia Gas Sys., Inc., 37 F. Supp. 2d 214, 231 (W.D.N.Y. 1998)(citing Hans v. Louisiana, 134 U.S. 1 (1890)). Here, the State of New York has not consented and it is well-established that 42 U.S.C. §§ 1983 and 1985-86 do not override the state's Eleventh Amendment immunity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 2310 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); Quern v. Jordon, 440 U.S. 332, 342 (1979) (holding 42 U.S.C. § 1983 does not override Eleventh Amendment); Bogle-Assegai v. Conn., 470 F.3d 498 (2d Cir. 2006) (affirming dismissal of § 1983 claims against State, Commission of Human Rights and individual defendants sued in official capacities under Eleventh Amendment); Clissuras v. C.U.N.Y., 359 F.3d 79 (2d Cir. 2004), cert. denied, 543 U.S. 987 (affirming dismissal of claims against CUNY under 42 U.S.C. §§ 1983 and 1985 on the ground of sovereign immunity); Estes-El v. New York State Dept. of Motor Vehicles, No. 95 Civ. 3454 (JFK), 1997 WL 342481, at *3 (S.D.N.Y. June 23, 2997) ("[I]n enacting 42 U.S.C. §§ 1983, 1985 and 1986 -the federal statutes plaintiff invokes here-Congress did not abrogate the States'

4

Eleventh Amendment immunity.") (citations omitted). Accordingly, SUNY is entitled to sovereign immunity under the Eleventh Amendment. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984); Dube, 900 F.2d at 594-95.

Without subject matter jurisdiction, this court has no power to determine the case before it. United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002); Megibow v. Clerk of the United States Tax Court, No. 04-Civ. 3321(GEL), 2004 WL 1961591, at * 2 (S.D.N.Y. Aug. 31, 2004) ("Subject matter jurisdiction refers to the court's authority to hear and determine a case."), citing Brougham v. Oceanic Steam Navigation Co., 205 F. 857, 859-60 (2d Cir. 1913). "[S]ubject matter jurisdiction is an unwaivable sine qua non for the exercise of federal judicial power." Curley v. Brignoli, Curley & Roberts, Assocs., 915 F.2d 81, 83 (2d Cir. 1999). Accordingly, the undersigned recommends that the plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

**OBJECTIONS**

A copy of this Report and Recommendation is being served by the Court on all parties. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       July 2, 2007

                                      _____/s/_____
                                      Arlene R. Lindsay
                                      United States Magistrate Judge