UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

TIBOR GASPARIK,

        Plaintiff,

        -against-

STONY BROOK UNIVERSITY,

        Defendant.
----------------------------------------------------------X

**OPINION & ORDER**
**CV-05-3817(SJF)(ARL)**

FEUERSTEIN, J.

    Before the Court is an application for the assignment of counsel and a general objection by plaintiff Tibor Gasparik (plaintiff) to a Report and Recommendation of United States Magistrate Judge Arlene R. Lindsay dated July 2, 2007 recommending that the motion of defendant Stony Brook University (defendant) for summary judgment be granted and the complaint be dismissed for lack of subject matter jurisdiction. For the reasons stated herein, the application for the appointment of counsel is denied, the Report and Recommendation is accepted in its entirety, summary judgment is granted in favor of defendant and the complaint is dismissed.

I.     Discussion

    A.     Appointment of Counsel

    28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." Courts possess broad discretion to determine whether appointment of counsel for civil litigants is appropriate, "subject to the requirement that it be

'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1) the threshold inquiry is whether there is substance to the litigant's position. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)(holding that the district judge should first determine whether the indigent's position seems likely to be of substance). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, 243 F.3d at 632.

If the Court finds that the plaintiff's claim is of substance, it should next consider the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 (holding that only after an initial finding that a claim is likely one of substance should the court consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute). However, these factors are not exclusive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

The Court has reviewed plaintiff's application and finds that the appointment of counsel

1

is not warranted at this stage of the litigation, since, *inter alia*, (1) plaintiff has not established that he is unable to afford counsel, merely indicating that he has "tried in vain to find a legal representative," (Plaintiff's Objection to the Report and Recommendation, dated July 5, 2007); and (2) plaintiff's position does not appear to be one of substance. Accordingly, plaintiff's application for the appointment of counsel is denied.

B.  Standard of Review of Report and Recommendation

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed.R.Civ.P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

Since plaintiff is *pro se* and filed a general objection, I conducted a *de novo* review of the Report and Recommendation. Upon such review, plaintiff's objection is overruled, the Report and Recommendation is accepted in its entirety, summary judgment is granted in favor of

defendant and the complaint is dismissed for lack of subject matter jurisdiction. The clerk of the Court is directed to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 9, 2007
       Central Islip, New York

Copies to:

Tibor Gasparik, *pro se*
352 Plad Boulevard
Holtsville, New York 11742

Office of the New York State
Attorney General
300 Motor Parkway, Suite 205
Hauppauge, New York 11788
Attn: Lori L. Pack, AAG